UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BETTY R. PORTER,

Plaintiff,

v.

JENNIFER WELSH, M.D., and
WILLIAM MILLER, M.D.,

Defendants.

Civil No. 02-235 (PAM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which she is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to

FILED JAN 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, the substantive allegations of Plaintiff's complaint, repeated in their entirety, are as follows:

> "Incarceration by Dr. Miller, without proof, devoid of my knowledge, when I had no thoughts of suicide, resulting in punishment for fear; a night of traumatic excruciating terror, alone, in hell."

The complaint provides no other information about the basis for Plaintiff's claims; nor does it describe the relief (if any) that Plaintiff is seeking.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Plaintiff's present complaint does not include any factual allegations describing any specific historical events, or any specific acts or omissions attributable to Defendant. It is therefore readily apparent that, even with the benefit of liberal construction, the instant complaint fails to state any claim on which relief can be granted.

Furthermore, the complaint does not adequately identify any legal grounds for granting relief to Plaintiff. Plaintiff has not identified (expressly or implicitly) any legal principle or theory on which a claim against Defendants could be based. For this additional

---

determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

reason, Plaintiff has failed to plead an actionable claim.

Because Plaintiff's complaint does not state any claim on which relief can be granted, it will be recommended that her IFP application be denied, and that this action be summarily dismissed.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 29, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Feb. 15, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.