UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BETTY R. PORTER,

Plaintiff,

v.

JENNIFER WELSH, M.D. and
WILLIAM MILLER,

Defendants.

Civil 02-235 (PAM/JGL)

**ORDER**

Plaintiff commenced this action by filing a complaint and an application to proceed in forma pauperis, ("IFP"). After reviewing those initial submissions, this Court concluded that Plaintiff's complaint failed to state a claim on which relief could be granted. It was therefore recommended that Plaintiff's IFP application be denied, and that the action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (See Report and Recommendation, ["R&R"], dated January 29, 2002, [Docket No. 4].)

Plaintiff filed objections to the R&R, as well as a series of amended pleadings. After reviewing those submissions, the District Court Judge concluded that the matter should be remanded to this Court to determine whether Plaintiff has now stated an actionable claim, and whether she should now be granted IFP status. (See Remand Order dated March 25, 2002, [Docket No. 21].)

Pursuant to the District Court Judge's remand order, this Court has now reviewed all of Plaintiff's amended pleadings to date. (Docket Nos. 11, 12, 13, 17, 18, 19, 20, 23 and 26.) The Court finds that Plaintiff still has not pleaded a cause of action on which relief can be granted. All of her amended pleadings suffer from the same defects found in her

FILED APR 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

original complaint. Simply stated, Plaintiff still has not alleged any historical facts specifically describing what each individual defendant purportedly did or failed to do that might entitle Plaintiff to a legal remedy. Plaintiff's various amended pleadings do not describe any actual events or occurrences; instead her pleadings consist of nothing more than a string of disconnected phrases that have no apparent connection to any acts or omissions by Defendants.[1]

Although Plaintiff has failed to state a legally cognizable claim in any of the ten pleadings she has filed so far in this matter, the Court will allow her one more opportunity to try to plead a cause of action on which relief can be granted. Plaintiff shall be given until April 30, 2002, to file another amended complaint.

If Plaintiff elects to file a new amended complaint, she will have to comply with the following pleading requirements:

1. The amended complaint must be an entirely new pleading that does not refer to, or otherwise attempt to incorporate, any part of any prior pleading in this matter. All of Plaintiff's pleadings to date will be stricken, so Plaintiff will have to start all over with an entirely new and complete complaint.

2. The amended complaint must be written in simple and complete sentences. Plaintiff should avoid the use of sentence fragments, which has made her past pleadings

---

[1] For example, the first paragraph of Plaintiff's most recent amended pleading, (Docket No. 26), reads as follows:

> "1. 'I Can't Get Over It' Aphrodite Matsakis, Ph.D. Dedicated to all who have suffered cruelty, tragic events; beyond their control. More than sadness, terror – there is hope. Clinical Coordinator Vietnam Veteran Center, Maryland."

largely incomprehensible.

3. Each sentence of the amended complaint should be a separate numbered paragraph.

4. The amended complaint must describe the historical facts on which Plaintiff's claims are based, in a logical (preferably chronological) manner. Extraneous philosophical observations and quotations should be omitted; the amended complaint should state the facts on which Plaintiff's claims are based.

5. The amended complaint must describe, specifically, what each named defendant allegedly did or failed to do that is causing that defendant to be sued.

6. The amended complaint should include a brief but specific reference to the legal theory (or theories) on which Plaintiff's claims are based.

7. If Plaintiff is seeking relief based on a common-law medical malpractice theory, she must satisfy the requirements of Minn.Stat. § 145.682.[2]

---

[1] Section 145.682 requires every plaintiff in a Minnesota medical malpractice case to furnish two affidavits in support of his her or her claims.

> "The first affidavit ('expert review affidavit') must be submitted with the complaint and state that before commencing the lawsuit, plaintiff's attorney [or plaintiff himself in a pro se case] reviewed the facts of the case with a medical expert who believed that at least one defendant named in the suit deviated from the applicable standard of care and thereby injured the plaintiff....
>
> The second affidavit ('expert disclosure affidavit') must be served upon the defendant within 180 days after commencement of the suit and identify each expert plaintiff intends to call at trial, disclose the substance of the facts and opinions to which the expert will testify, and provide a summary of the grounds for each opinion."

Bellecourt v. United States, 784 F.Supp. 623, 636 (D.Minn. 1992) (emphasis added), aff'd 994 F.2d 427 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994), citing Minn.Stat. §

After Plaintiff has filed the amended complaint invited by this order, she shall not file any further amended pleadings unless the Court enters a further order that expressly authorizes her to file another amended pleading. See Fed. R. Civ. P. 15(a).

Because Plaintiff still has not filed a viable pleading in this matter, and she still has not been granted leave to proceed IFP, the various collateral motions that she has filed in this matter cannot be granted at this time. These motions include Plaintiff's "motion to assert a claim of privilege," (Docket No. 9), "motion for order," (Docket No. 10), "motion correction," (Docket No. 16), "motion original," (Docket No. 22), and second "motion original," (Docket No. 27). All of these pending motions will be denied at this time, but Plaintiff will be allowed to renew any or all of them in the future, if she files an amended complaint that states an actionable claim.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. All of Plaintiff's pleadings that have been filed to date in this matter, (Docket Nos. 1, 11, 12, 13, 17, 18, 19, 20, 23 and 26), are **STRICKEN** without prejudice;

2. Plaintiff is granted leave to file a new amended complaint that must comply with the various requirements prescribed by this Order;

3. If Plaintiff does not file a new amended complaint that complies with the requirements of this Order by no later than April 30, 2002, she will be deemed to have

---

145.682, subd. 2, subd. 3, and subd. 4. If a medical malpractice complainant fails to meet either one of the two affidavit requirements set forth in § 145.682, the statute provides for "mandatory dismissal." Minn.Stat. § 145.682, subd. 6; see also Stroud v. Hennepin County Medical Center, 556 N.W.2d 552 (Minn. 1996); and Lindberg v. Health Partners, Inc., 599 N.W.2d 572 (Minn. 1999).

abandoned this action, and it will be recommended that the action be dismissed without prejudice;

4. Plaintiff shall not be allowed to file any other amended pleadings in this matter, aside from the new amended pleading invited by this Order, without express pre-authorization from the Court; and

5. All of Plaintiff's pending motions in this matter, (Docket Nos. 9, 10, 16, 22 and 27), are **DENIED**, without prejudice to Plaintiff's right to renew those motions if she files an amended complaint that states an actionable claim.

Dated: April ___, 2002

JONATHAN LEBEDOFF
Chief Magistrate Judge