**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**BETTY R. PORTER,**

Plaintiff,

v.

**JENNIFER WELSH, M.D., and**
**WILLIAM MELLER, M.D.,**

Defendants.

---

Civil No. 02-235 (JEL/JGL)

**ORDER**

APPEARANCES

Betty R. Porter, pro se

Carolin J. Nearing, Esq. for Defendants.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on August 20, 2002 on Plaintiff's Motion to Compel Discovery and for Protective Orders (Doc. No. 54) and Plaintiff's Motion for Sanctions (Doc. No. 71). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

This is a medical malpractice case. On May 5, 2001, Plaintiff flew from her home in Portage, Michigan to Fairview University Medical Center in Minneapolis, Minnesota because she was experiencing chest pains. During

AUG 2 2 2002

physicians' examination of Plaintiff, physicians became aware of issues relating to Plaintiff's mental health, specifically recent suicidal ideations. Due to these concerns over Plaintiff's mental health, Plaintiff was transferred to the psychiatric unit, where she stayed until May 7, 2001. Plaintiff claims that she was transferred to the psychiatric unit without reason and was held there for two days without her consent. Plaintiff has sued Defendants for medical malpractice.

## II. DISCUSSION

In the instant motions, Plaintiff seeks supplemental discovery responses, protective orders, and sanctions. Plaintiff is pro se. The Court has, therefore, liberally construed Plaintiff's arguments when deciding the instant motions. See Petty v. Card, 195 F.3d 399, 400 (8th Cir. 1999) (citing Prince v. Lockhart, 971 F.2d 118, 121 (8th Cir. 1992)). The Court will now address each of Plaintiff's requests separately.

### A. Plaintiff's Discovery Requests

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope

of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

### 1. Fully Briefed Discovery Requests

Plaintiff seeks an order requiring Dr. Meller to release all "medical records held by the Psychiatry Consultation Services for May 5-8, 2001." (Pl. Four Mot. Orders at 1-2.) Defendants respond that Dr. Meller has produced all the responsive information in his control regarding this request. Indeed, it seems that Plaintiff already has all the records Defendants possess regarding Dr. Meller's treatment of Plaintiff. Absent some evidence to the contrary, the Court must accept as true Defendants' assertion that they are complying with their discovery obligations. See Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted). Accordingly, this part of Plaintiff's motion is denied.

Plaintiff also requests that Dr. Meller disclose the names of two residents who treated Plaintiff on May 7, 2001. At the motion hearing, the Parties indicated that Dr. Meller has now provided those names, and that Plaintiff is satisfied with that disclosure. Accordingly, this part of Plaintiff's motion is denied as moot.

In her July 20, 2002 submissions to the Court, Plaintiff requested an order requiring Dr. Meller to produce all the records from his May 7, 2001

interview of Plaintiff. The Court finds this request duplicative of Plaintiff's first request. Therefore, this part of Plaintiff's motion is denied as moot.

### 2. **Plaintiff's Request to Preserve Her Doctor-Patient Privilege**

At the motion hearing, Plaintiff raised for the first time the issue of her failure to provide authorization for the release of her Michigan medical records. Defendants argue that these records are relevant because Plaintiff has placed her mental health at issue. Plaintiff argues that these records are not relevant and that producing the records would be embarrassing and degrading to Plaintiff. Plaintiff invokes the doctor-patient privilege to bar Defendant's access to her records.

While it is not the Court's practice to address motions which have not been properly filed and briefed, Defendants did not object to discussion of this issue at the motion hearing. Since both Parties were able to present their arguments at the hearing, the Court will depart from its usual practice and address this issue in this Order.

Minnesota law forbids doctors from disseminating any information or any opinion based thereon which the doctor "acquired in attending the patient in a professional capacity, and which was necessary to enable the [doctor] to act in that capacity." Minn. Stat. §595.02(d). Minnesota law also forbids the dissemination of a patient's health records without a signed release. See Minn. Stat. § 144.335(a). The doctor-patient privilege belongs to the

patient and maybe waived only by the patient. See Wenninger v. Muesing, 240 N.W.2d 333, 335 (Minn. 1976) (citation omitted).

This rule exists to protect patients from unauthorized dissemination of their medical records by physicians. That is not the situation presented in the instant case. Plaintiff's Michigan doctors are not seeking to disseminate Plaintiff's records without her permission. Rather, Defendants are seeking access to Plaintiff's records for purposes of this litigation. Thus, Plaintiff's invocation of her doctor-patient privilege is misplaced. Defendants' request is a discovery request and will be addressed in that context.

While the Court is sympathetic to Plaintiff's concerns, the Court is also mindful that Plaintiff has initiated this lawsuit and has put her mental health at issue in this case. Plaintiff's Michigan medical records are relevant to the claims at issue in this case. See Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff must provide Defendants with a signed authorization allowing release of her Michigan medical records to Defendants. However, to protect Plaintiff from undue embarrassment, these records are to be designated "Attorneys Eyes Only," which means they must not be viewed by anyone who is not working on this case. Plaintiff must provide this signed release within fourteen days of this Order.

**B. Plaintiff's Request for Protective Orders**

Plaintiff seeks two protective orders. First, Plaintiff seeks a protective order which states that she may discontinue her deposition if it becomes difficult for her to continue. Second, Plaintiff seeks a protective order denying Defendants the opportunity to have Plaintiff examined by a psychiatric professional of their choice under Federal Rule of Civil Procedure 35.

Rule 26(c) governs protective orders and provides: "Upon motion by a party or by a person from whom discovery is sought, . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A protective order is appropriate to limit the scope of discovery or disclosures and the court may order that discovery not be had on certain issues. See Fed. R. Civ. P. 26(c)(4). A court has broad discretion in determining whether a protective order is warranted and the appropriate degree of protection. See May Coating Techs., Inc. v. Illinois Tool Works, 157.F.R.D. 55, 57 (D. Minn. 1994)(citations omitted).

The party seeking a protective order bears the burden of showing "good cause" for the order, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. See General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973); Rolscreen v. Pella Prods. of St. Louis, Inc., 145

F.R.D. 92, 96 (S.D. Iowa 1992) (citing Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n.5 (8th Cir. 1979)). Plaintiff must make a "specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." Rolscreen, 145 F.R.D. at 96 (citations omitted). This requirement "furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." Id. (citation omitted). District courts may quash a deposition notice if it "subjects a person to undue burden." Miscellaneous Doc. Matter #1, Appellees v. Miscellaneous Doc. Matter #2, Appellants, 197 F.3d 922, 925 (1999) (8th Cir. 1999) (quoting Fed. R. Civ. P. 45(c)). "[E]ven if relevant," depositions are not permitted "where no need is shown." See id. (citation omitted).

### 1. **Whether Plaintiff Must be Fully Deposed**

Plaintiff seeks a protective order denying Defendants the opportunity to depose her fully. Specifically, Plaintiff requests that Defendants cease deposition questioning if Plaintiff's suffering "becomes too acute to continue." (Pl. Four Order Mot. at 1-2.) Plaintiff has further indicated that she will only answer deposition questions with "yes" or "no" answers. (Nearing Aff. Ex. 5 at 2.)

Plaintiff argues that she has demonstrated the requisite good cause for the protective order. Specifically, Plaintiff asserts that the trauma

she will suffer by having to relive the events of May 5-8, 2001 during her deposition will be almost unbearable. In fact, Plaintiff asserts that she will likely be rendered speechless by the stress.

While the Court is sympathetic to Plaintiff's concerns, the Court finds that those concerns do not provide good cause for limiting Plaintiff's deposition. In the instant case, Plaintiff's deposition will likely provide the best evidence available regarding "her side of the story." Defendants must be able to fully explore the issues raised by Plaintiff's claims. Moreover, as the Court stated during the motion hearing, there are protections, such as recesses, available should deposition questioning become too difficult for Plaintiff. Plaintiff should also be aware that attorneys are bound by both ethical and statutory rules which are designed to ensure that depositions are conducted in good faith. See Fed. R. Civ. P. 30(d)(4).

Accordingly, this part of Plaintiff's motion is denied. Plaintiff must fully answer all deposition questions to the best of her ability. Exclusively "yes" or "no" answers will not suffice. Defendants are advised to conduct Plaintiff's deposition in a manner which will elicit the desired information while remaining sensitive to the concerns expressed by Plaintiff.

### 2. Whether Plaintiff Must Submit to a Psychiatric Examination

Plaintiff argues that she should not be required to submit to a mental examination because to do so would cause her "trauma and injury."

(Pl. Four Order Mot. at 4.) Specifically, Plaintiff avers that as a result of Defendants' conduct, she is terrified of all doctors and that submitting to an examination will cause her to relive the experiences she had at the hands of Defendants. (Id.) Defendants respond that since they have not yet scheduled a mental examination of Plaintiff, this motion is premature. However, Defendants also argue that if they desire an examination, good cause exists for a mental examination because Plaintiff has put her mental condition at issue in this case.

Since Defendants have not yet requested that Plaintiff undergo a mental examination, the Court finds Plaintiff's motion premature. Furthermore, insofar as Plaintiff is arguing that good cause exists to prevent her from submitting to a mental examination if and when Defendants request one, the Court finds Plaintiff's arguments unavailing.

Federal Rule of Civil Procedure 35 addresses mental and physical examinations and provides, in pertinent part:

> when the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined.

Fed. R. Civ. P. 35(a).

Plaintiff has put her mental condition at issue in this case. In fact, Plaintiff's mental condition is at the very core of the case. The Court is mindful

of Plaintiff's arguments, and is not insensitive to Plaintiff's anguish. However, justice requires that Defendants be allowed to have Plaintiff examined by a mental health professional, should they desire.[1] Accordingly, this part of Plaintiff's motion is denied.

### C. <u>**Plaintiff's Request for an Exemption from the Requirements of Minn. Stat. § 145.682 subd. 2**</u>

To establish a prima facie case of negligence against a doctor, plaintiffs in medical malpractice cases must prove the following:

> (1) the standard of care recognized by the medical community as applicable to the particular defendant's conduct, (2) that the defendant in fact departed from that standard, and (3) that the defendant's departure from the standard was a direct cause of [plaintiff's] injuries.

<u>Bellecourt v. United States</u>, 784 F. Supp. 623, 638 (D. Minn. 1992). In most cases, expert testimony is needed to prove a prima facie case of medical malpractice. <u>See</u> <u>id.</u> This is especially true in cases involving a failure to diagnose. <u>See</u> <u>id.</u>

Under Minnesota law, a plaintiff alleging medical malpractice must submit an affidavit from the plaintiff's attorney which states that a qualified expert has reviewed the plaintiff's claims and has concluded that the

---

[1] At this juncture, there is no motion before the Court requesting an order to conduct a mental examination of Plaintiff. Although the Court has indicated that such an examination seems appropriate in this case, without a motion before it, the Court is unable to issue an order to that effect at this time. The Court has only reached the merits of Plaintiff's motion for a protective order.

defendant's conduct deviated from the applicable standard of care and that the deviation caused the plaintiff's injury. See Minn. Stat. § 145.682 subd. 3(a). In addition, the affidavit or interrogatory answers must disclose the identity of the plaintiff's experts who will testify at trial, the substance of the testimony, and the basis for the expert's opinions. See Minn. Stat. § 145.682 subd. 4.

Although Plaintiff has already produced three affidavits of expert review by Irene T. Mann, Ph.D., Plaintiff now argues that she should be exempt from the requirements of Minn. Stat. § 145.682. Specifically, Plaintiff avers that expert testimony is not required on the issue of "unjustified incarceration and inability to diagnose correctly." (Pl. Aug. 20, 2002 Hr'g Test.) Defendant responds that expert testimony is required in this case because the alleged negligence does not "speak for itself" in the absence of expert medical opinion. (Def. Mem. Opp. Pl. Four Mot. Orders at 4.) Defendant further asserts that expert testimony is particularly necessary in a case such as this one where Plaintiff alleges failure to properly diagnose and treat.

The Court agrees with Defendants that expert testimony is necessary in this case. The issues raised are not the kind where the negligence "speaks for itself," such as when a surgeon leaves a sponge in a patient's body. See Bellecourt, 784 F. Supp. at 638. Rather, this case involves allegations of failure to properly diagnose Plaintiff's cardiac and mental problems. Contrary to Plaintiff's assertion, the standard of care normally required in such an

instance, whether Defendants deviated from that standard of care, and whether that deviation was the cause of Plaintiff's alleged injuries are not the types of issues upon which a layperson is competent to pass judgment. (Pl. Four Mot. Orders at 3.)

To support her argument, Plaintiff cites Mellett v. Fairview Health Serv., CX-00-608, 2000 WL 1376544 (Minn. Ct. App. Sept. 26, 2000)(unpublished opinion), rev'd on other grounds, 634 N.W.2d 421 (Minn. 2001). Plaintiff's reliance on Mellett is misplaced. In Mellett, the Minnesota Court of Appeals held that expert testimony was not necessary regarding a plaintiff's false imprisonment claim. See id. at *4. Plaintiff is not asking for an exemption from expert testimony regarding a false imprisonment claim. Rather, Plaintiff is challenging the medical viability of holding her at Fairview Hospital and the diagnoses rendered by Defendants. Thus, Plaintiff may not be excused from the requirements of Minn. Stat. § 145.682. Accordingly, this part of Plaintiff's motion is denied.

**D. Plaintiff's Request to Use Other Approved Means of Trial Testimony**

Plaintiff argues that she is cannot afford to bring her five witnesses to a trial in Minnesota. Therefore, Plaintiff requests that she be allowed to use other means of providing trial testimony. Defendants respond that they are willing to work with Plaintiff on this issue. As Defendants point out, Plaintiff is free to take depositions and proffer interrogatories as she sees fit.

As long as they are admissible, deposition testimony and interrogatory answers may be used at trial See Fed. R. Civ. P. 32(a), 33(c). Moreover, under certain compelling circumstances, trial testimony may be presented by contemporaneous transmission from a different location. See Fed. R. Civ. P. 43(a). However, Plaintiff is cautioned that mere inconvenience for the witness is not considered good cause to allow such testimony. See Fed. R. Civ. P. 43(a) advisory committee notes (1996 amendment). In addition, in our tradition, "[t]he importance of presenting live testimony in court cannot be forgotten." Id. Plaintiff is reminded that she is the one who initiated this lawsuit and Plaintiff should have contemplated the expense of trial when deciding to do so. Therefore, this part of Plaintiff's motion is granted only insofar as Plaintiff's use of testimony other than live testimony comports with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**E. Plaintiff's Request to Substitute Interrogatories for Depositions When Expenses Fall on Plaintiff**

Plaintiff requests that she be allowed to substitute interrogatories for depositions. As Defendants stated in their opposition papers, Plaintiff need not obtain a Court order to proffer interrogatories rather than conduct depositions. (Def. Mem. Opp. Pl. Four Mot. Orders at 7.) Unless and until the number of interrogatories becomes excessive, Plaintiff may serve interrogatories, as opposed to conducting depositions, if she desires. To that end, Plaintiff is referred to Federal Rule of Civil Procedure 33 which addresses

interrogatories. Therefore, this part of Plaintiff's motion is granted only insofar as Plaintiff's interrogatories comply with the procedures delineated in Federal Rule of Civil Procedure 33.

In conclusion, Plaintiff's Motion to Compel Discovery and for Protective Orders is granted in part, denied in part, and denied as moot in part. It is the Court's impression that many of Plaintiff's discovery and pretrial issues can be resolved with good communication between the Parties. The Court has observed that Defendants' Counsel, Carolin Nearing, is very professional and understanding when working with this pro se Plaintiff. The Court is confident that with good communication, the Parties will be able to work together to find solutions to discovery issues which will strike the proper balance between Plaintiff's financial and personal concerns and Defendants' need to zealously defend themselves.

**F. Plaintiff's Motion for Sanctions**

Plaintiff has filed a motion for sanctions citing Defendants' failure to respond to discovery requests in a timely fashion. At the motion hearing, Plaintiff clarified her request and stated that the real issue was that Plaintiff did not feel she had adequate information regarding Dr. Welsh's claims and defenses. Defendants' Counsel explained that Dr. Welsh's interrogatory answers were forthcoming, that more information will be disseminated in Defendants' response to Plaintiff's motion for summary judgment, and that

Defendants have already submitted much information to Plaintiff. Based cn these representations, the Court is satisfied that Defendants are fully complying with their discovery obligations. Therefore, Plaintiff's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiffs' Motion to Compel Discovery and for Protective Orders (Doc. No. 54) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order;

(2) Plaintiffs' Motion for Sanctions (Doc. No. 71) is **DENIED**; and

(3) Plaintiff must providc Dcfcndants with a signed authorization allowing release of her Michigan medical records to Defendants by September 5, 2002.

Dated: August 22, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge