**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**BETTY R. PORTER,**

Plaintiff,

v.

**JENNIFER WELSH, M.D., and**
**WILLIAM MELLER, M.D.,**

Defendants.

Civil No. 02-235 (JEL/JGL)

**O R D E R**

---

APPEARANCES

Betty R. Porter, pro se

Carolin J. Nearing, Esq. for Defendants.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion Re: Report and Recommendation (Doc. No. 8). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. DISCUSSION

In the instant motion, Plaintiff seeks guidance regarding how to proceed with her case, and asserts claims of privilege. In many instances, Plaintiff's motion seeks advice regarding how to handle various discovery issues. Plaintiff is reminded that the Court is unable to provide legal advice.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In addition, the Court finds that most of Plaintiff's issues are rendered moot by the Court's August 22, 2002 Order.

Plaintiff asks whether she should re-submit her "Report and Recommendation" because it was written incorrectly. It appears that Plaintiff is referring to her objections to this Court's January 29, 2002 Report and Recommendation. The Docket reveals that Plaintiff filed her objections on February 21, 2002. Therefore, this part of Plaintiff's motion is denied as moot.

Plaintiff states that she is unable to afford the expense of bringing her expert witnesses to Minneapolis. Plaintiff also queries whether she may submit a second "expert witness interrogatory affidavit." The Court addressed the issues of interrogatories and alternatives to trial testimony in its August 22, 2002 Order. Therefore, this part of Plaintiff's motion is denied as moot.

Paragraphs 4-6 of Plaintiff's motion refer to her privilege claims insofar as such claims affect disclosure of confidential medical information. The Court also addressed this issue in its August 22, 2002 Order. Accordingly, this part of Plaintiff's motion is denied as moot.

Lastly, Plaintiff requests permission to serve a subpoena before beginning discovery. Since the Parties are now conducting discovery, this part of Plaintiff's motion is also denied as moot.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion Re: Report and Recommendation (Doc. No. 8) is **DENIED AS MOOT** as set forth fully in the body of this Order.

Dated: August 29, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge