**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**BETTY R. PORTER,**

Plaintiff,

v.

**JENNIFER WELSH, M.D.; and**
**WILLIAM MELLER, M.D.,**

Defendants.

---

Civil No. 02-235 (JEL/JGL)

**ORDER**

APPEARANCES

Betty R. Porter, pro se

Carolin J. Nearing, Esq. for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion for Order Allowing Psychologist as an Expert Witness for Trial (Doc. No. 91.) The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**DISCUSSION**

Within 180 days of the inception of a medical malpractice case, Minnesota law requires the plaintiff to serve upon the defendant an affidavit stating:

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> that the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff.

Minn. Stat. § 145.682 subd. 2, 3. Failure to comply with this requirement "results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." Id. subd. 6. Plaintiff seeks to have Irene T. Mann, Ph.D. serve as her expert in this case. Dr. Mann is a licensed psychologist. Defendants argue that a psychologist is not an acceptable expert under Minnesota law. Specifically, Defendants assert that a psychologist is incompetent to testify as to the standard of care required from either a family practice physician or a psychiatrist. Defendant Welsh is a family practice physician and Defendant Meller is a psychiatrist.

This Court has already determined that expert medical testimony is required in this case. (Order, Aug. 22, 2002 at 12.) Judge Lancaster recently affirmed this decision. (Order, Oct. 2, 2002 at 1.) As one basis for relief from this requirement, Plaintiff argues that her characterization of her claims as ones based on lack of implied consent, rather than negligent treatment, means that expert testimony is not required. Plaintiff's argument is unavailing.

Plaintiff's complaint and several other documents submitted to this Court all evidence claims based on negligent treatment. Moreover, even if

Plaintiff's only claim was for lack of informed consent, expert testimony would still be required. See Williams v. Wadsworth, 503 N.W.2d 120, 123-35 (Minn. 1993).

The Court further finds that Dr. Mann is not an acceptable expert in this case. Under Minnesota law, a medical expert "must have had basic education and professional training as a general foundation for [her] testimony," and "practical knowledge of what is usually and customarily done by physicians under circumstances similar to those which confronted the defendant charged with malpractice." Rhienhardt v. Colton, 337 N.W.2d 88, 93 (Minn. 1983). Only months ago, the Minnesota Supreme Court reaffirmed this standard when it stated that to qualify as an expert under Minn. Stat. § 145.682, a medical expert must have "both sufficient scientific knowledge of and practical experience with the subject matter of the offered testimony." Teffeteller v. University of Minnesota, 645 N.W.2d 420, 427 (Minn. 2002) (citation omitted).

The Minnesota Supreme Court has held that health care professionals who render opinions regarding the appropriate standard of care of physicians practicing in areas other than their own area of expertise are incompetent to serve as medical experts. See Teffeteller, 645 N.W.2d at 427 (pediatrician incompetent to render opinion regarding appropriate standard of care for pediatric oncologist); Williams, 503 N.W.2d at125 (cardiologist

incompetent to render opinion regarding appropriate standard of care for endocrinologist); Reinhardt, 337 N.W.2d at 93-94 (pathologist incompetent to render opinion regarding appropriate standard of care for rheumatologist); Cornfeldt v. Tongen, 262 N.W.2d 684, 694 (Minn. 1977) (pathologist incompetent to render opinion regarding appropriate standard of care of anesthesiologist); Swanson v. Chatterton, 160 N.W.2d 662, 669 (Minn. 1968) (internist incompetent to render opinion regarding appropriate standard of care for orthopedic surgeon).

More specifically, the Minnesota Supreme Court has held that psychologists are incompetent to render opinions regarding a medical doctor's standard of care. See Lundgren v. Eustermann, 370 N.W.2d 877, 880 (Minn. 1985) (psychologist incompetent to testify regarding standard of care of family practice physician). See also Wall v. Fairview Hosp. & Healthcare Serv., 584 N.W.2d 395, 405 (Minn. 1998) (psychologist incompetent to testify regarding standard of care of psychiatric nurse).

The Court finds that although Dr. Mann has impressive credentials (Pl. Mem. Supp. Mot.), she does not have the requisite scientific background, medical training, or practical experience to render expert opinions regarding the standard of care required of either a family practice physician or a psychiatrist. Wall, 584 N.W.2d at 405 (citations omitted). Although Plaintiff's theory of the case is based on "the patient oriented standard of care" (Pl. Reply

to Def. Mem. Opp. to Pl. Mot. at 3), it is well settled that in this jurisdiction, "standard of care" must be considered only in relation to a particular specialty. Accordingly, Plaintiff's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Order Allowing Psychologist as an Expert Witness for Trial (Doc. No. 91) is **DENIED**.

Dated: October 9, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge