**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**BETTY R. PORTER,**

Plaintiff,

v.

**JENNIFER WELSH, M.D.; and**
**WILLIAM MELLER, M.D.,**

Defendants.

Civil No. 02-235 (JEL/JGL)

**ORDER**

---

APPEARANCES

Betty R. Porter, pro se

Carolin J. Nearing, Esq. for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Letter Motion for 180 Day Affidavit Extension. (No Doc. No.) The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**DISCUSSION**

Within 180 days of the inception of a medical malpractice case, Minnesota law requires the plaintiff to serve upon the defendant an affidavit stating:

OCT 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> that the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff.

Minn. Stat. § 145.682 subd. 2, 3. Failure to comply with this requirement "results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." Id. subd. 6.

On October 9, 2002, this Court issued an order denying Plaintiff's motion to allow Dr. Irene T. Mann, a psychologist, to serve as her expert witness in this case. (Doc. No. 103.) On October 15, 2002, Plaintiff faxed this Court a request for a ninety day extension of the expert affidavit deadline.[1] Plaintiff argues that such an extension is necessary because Plaintiff has not yet engaged a new expert to review her case.

Defendants respond that Plaintiff has not provided a reasonable excuse for failing to find a new expert in a timely manner. According to Defendants, Plaintiff knew as early as August 29, 2002 that Defendants would challenge Plaintiff's choice of expert. Defendants aver that Plaintiff "was fully

---

[1]There is disagreement among the Parties as to the actual expert affidavit deadline in this case. Plaintiff avers that her expert affidavit is due November 3, 2002. Defendants respond that Plaintiff's expert affidavit was actually due October 22, 2002. The Court finds that it need not resolve this dispute for purposes of deciding the instant motion.

aware of the risk her expert witness opinions would not satisfy the disclosure requirements . . . [and] that [Plaintiff] had ample time to comply with the time limits specified in Minn. Stat. § 145.682." (Def. Reply Pl. Letter Mot. at 1.) In addition, Defendants argue that extending the time will prejudice Defendants by prolonging "the inevitable motion to dismiss." (Id.)

Although the Court finds some merit in Defendants' arguments, the Court is not convinced that this pro se Plaintiff should have been seeking a second medical expert once put on notice that Defendants would challenge Dr. Mann's qualifications. Plaintiff's memorandum in support of her Motion for Order Allowing Psychologist as an Expert Witness for Trial makes it clear that until this Court denied that motion, Plaintiff steadfastly believed that Dr. Mann would be an acceptable expert in this case. (Pl. Mem. Supp. Mot. Allowing Psychologist as Expert.) While it may have been prudent for Plaintiff to seek out alternative experts while the Court had that motion under advisement, the Court is not convinced that Plaintiff's conduct was unduly dilatory or unreasonable.

On the other hand, the Court has repeatedly stated its desire to keep this case moving forward. Under the current schedule, summary judgment motions must be fully briefed by November 22, 2002. (Doc. No. 92.) In light of these facts, the Court finds the ninety extension Plaintiff requests impractical in this case. However, the Court will grant Plaintiff a modest

extension of time to comply with the affidavit requirement of Minn. Stat. § 145.682. Plaintiff must serve her expert affidavit on Defendants no later than December 2, 2002.

The Court is aware that this extension will likely impact the summary judgement briefing schedule. (Doc. No. 92.) The schedule will be amended accordingly.[2] Thus, Plaintiff's motion is granted as to an extension of time to serve her expert affidavit, and denied as to a ninety day extension.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Letter Motion for 180 Day Affidavit Extension. (No Doc. No.) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Plaintiff must serve her expert affidavit on Defendants no later than December 2, 2002; and

(3) The Summary Judgment Briefing Schedule (Doc. No. 92) is amended in the following ways:

---

[2]The Court will extend all deadlines contained in the scheduling order thirty days, the approximate amount of time the Court extends the time for Plaintiff to serve her expert affidavit.

| | |
|---|---|
| Deadline for Defendants to respond to Plaintiff's motion for summary judgment | November 25, 2002 |
| Deadline for Defendants to file and serve motion for summary judgement | November 25, 2002 |
| Deadline for Plaintiff to reply to Defendants' response to Plaintiff's motion for summary judgment | December 2, 2002 |
| Deadline for Plaintiff to file and serve response to Defendants' motion for summary judgment | December 16, 2002 |
| Deadline for Defendants to reply to Plaintiff's response to Defendants' motion for summary judgment | December 23, 2002 |

Dated: October 25, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge