UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Betty R. Porter,

Plaintiff,

v.

Civ. No. 02-235 (JEL/JGL)
ORDER

Jennifer Welsh and
William Meller,

Defendants.

Betty R. Porter brought this *pro se* medical malpractice action against two doctors, Jennifer Welsh, M.D., and William Meller, M.D. (collectively, Defendants), who had treated her in May 2001. The matter is before the Court on cross-motions for summary judgment. Because Porter has not served Defendants with the affidavit required by Minn. Stat. § 145.682, subd. 2(2) (2002), the Court grants Defendants' motion.

## I. BACKGROUND

On May 5, 2001, Porter flew from her home in Portage, Michigan, to Minneapolis, Minnesota, to seek treatment for chest pains at Fairview University Medical Center. After concerns arose about her mental health, she was admitted to the psychiatric unit on May 7, 2001, and then placed on a 72-hour hold. She was discharged on the morning of May 8, 2001. Porter brought this action against Defendants, two of the doctors who had treated her before her admission to the psychiatric unit, alleging various acts of medical malpractice. Porter later clarified that her action is based on a theory of lack of informed consent.

## II. DISCUSSION

Defendants argue *inter alia* that they are entitled to summary judgment because Porter has not complied with Minnesota's expert disclosure requirements. Within 180 days of the

FILED JAN 1 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED JAN 1 0 2003
DEPUTY CLERK'S INITIALS

commencement of a medical malpractice suit, Minnesota law requires the plaintiff to serve upon the defendant an affidavit identifying each expert witness the plaintiff expects to testify at trial about the issues of malpractice or causation, giving the substance of the facts and opinions to which the expert is expected to testify, and summarizing the grounds for each opinion. Minn. Stat. § 145.682, subds. 2(2), 4. Failure to serve such an affidavit "results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." Minn. Stat. § 145.682, subd. 6 (2000) (current version at Minn. Stat. § 145.682, subd. 6 (2002)).

By Order of August 22, 2002, the Honorable Jonathan G. Lebedoff, Chief United States Magistrate Judge, denied Porter's motion for an exemption from section 145.682.[1] On October 9, 2002, the Magistrate Judge rejected Porter's argument that her characterization of her claims as based on lack of informed consent excused her from section 145.682, and denied Porter's motion to allow Irene Mann, Ph.D., to serve as her expert. On October 25, 2002, the Magistrate Judge granted in part Porter's request for an extension of time to serve an expert affidavit, and ordered Porter to serve it on Defendants no later than December 2, 2002. The deadline for Porter to serve an expert affidavit has passed and she has not done so. The Court therefore must dismiss with prejudice Porter's claims. *See* Minn. Stat. § 145.682, subd. 6.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff Porter's Motion for Summary Judgment [Docket Nos. 44, 53, 84] is DENIED.

2. Defendants Welsh and Meller's Motion for Summary Judgment [Docket No. 108] is GRANTED.

---

[1] The Court affirmed the Magistrate Judge's Order on October 2, 2002.

3. Plaintiff Porter's Amended Complaint [Docket No. 31] is DISMISSED with prejudice.

4. Plaintiff Porter's Motion to Submit an Unsolicited Memorandum of Law [Docket No. 125] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 10, 2003

JOAN ERICKSEN LANCASTER
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.